UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MICHAEL J. DANNA,

    Petitioner,

    v.

UNITED STATES OF AMERICA,

    Respondent.

No. 05 C 152
Judge James B. Zagel

## MEMORANDUM OPINION AND ORDER

Defendant Michael J. Danna ("Danna") brings a motion to vacate his sentence pursuant to 26 U.S.C. § 2255. Danna contends that the fifteen-year sentence imposed on January 14, 2004, following his guilty plea to possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e), must be vacated because he was denied his Sixth Amendment right to effective assistance of counsel. Danna argues that his attorney (1) failed to advise him that the government had the burden of proving that he had at least three prior convictions for violent felonies or serious drug offenses under 18 U.S.C. § 924(e)(1), and (2) failed to assert at sentencing that Danna was ineligible for the minimum mandatory fifteen-year sentence imposed by 18 U.S.C. § 924(e)(1). The government argues, in turn, that Danna's attorney was fully informed of Danna's criminal record before Danna plead guilty and was sentenced, that Danna's attorney effectively guided Danna through the legal process, and that 18 U.S.C. § 924(e)(1) was correctly applied in sentencing. I will address each issue in the order they were raised.

## I. Factual Background

Danna was indicted by a grand jury sitting in the Northern District of Illinois on July 31, 2003, for one count of knowingly possessing a firearm after having "been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 922(g)(1). Danna had four previous convictions for which he had been imprisoned for a term exceeding one year. On June 9, 1983, Danna was indicted in Du Page County, Illinois for a Class Three felony aggravated battery for striking police officer Steven La Porte in the face with both fists at 147 Elk Trail in Carol Stream, Illinois. On August 10, 1983, Danna was indicted in Du Page County for a Class Two felony robbery for taking a tackle box containing fishing equipment from Thomas R. Perry while threatening him with a knife. On January 6, 1984, pursuant to separate plea agreements, Danna plead guilty to both charges and was sentenced to three sentences for each to be served concurrently.

On August 17, 1990, Danna was indicted in Du Page County for the unlawful possession of a weapon by a felon, but ultimately plead guilty to a Class Three aggravated battery for engaging in a bar fight while in possession of a double-edged dagger. On December 30, 1990, Danna was indicted with a second Class Three aggravated battery for stabbing Servando Ramirez with a knife. Danna plead guilty to both charges and was sentenced for both charges on February 26, 1991, receiving concurrent sentences of three years imprisonment for the August 17, 1990 indictment and four years imprisonment for the December 30, 1990 indictment.

Pursuant to a plea agreement with the government, Danna plead guilty on November 3, 2003 to a one-count indictment of knowingly possessing a firearm. Danna acknowledged under oath at the time of his plea that he had a full and complete opportunity to consult with his

attorney and that he was satisfied with his attorney's representation. Because of Danna's criminal history, I sentenced him pursuant to 18 U.S.C. § 924(e)(1), which provides, in relevant part:

> In the case of a person who violates section 922(g) of this title [18 USCS § 922(g)] and has three previous convictions by any court referred to in section 922(g)(1) of this title [18 USCS § 922(g)(1)] for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g) [18 USCS § 922(g)].

18 U.S.C. § 924(e)(1) (2000) (emphasis added).

> Under 18 U.S.C. § 924(e)(2)(B), the term "violent felony" is defined as:
> [A]ny crime punishable by imprisonment for a term exceeding one year . . . that-(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another . . .

18 U.S.C. § 924(e)(2)(B) (2004).

**I.      Sentence enhancement under 18 U.S.C. § 924(e)(1)**

Danna first argues that his attorney failed to advise him that the government had the burden of proving that he had at least three prior convictions for violent felonies or serious drug offenses under 18 U.S.C. § 924(e)(1). Danna does not assert that his attorney failed to advise him that relevant convictions were not "violent felonies," but that his attorney allegedly failed to advise him that the government had to prove that the three prior convictions resulted from acts committed on occasions that were different from one another. Danna further argues that his

3

attorney also failed to assert at sentencing that Danna was ineligible for the minimum mandatory fifteen-year sentence, presumably because Danna would have asserted that the three prior convictions did not result from acts occurring on different occasions.

The Seventh Circuit has joined other circuits in holding that "a defendant is subject to the sentence enhancement if each of the prior convictions arose out of a 'separate and distinct criminal episode.'" *United States v. Hudspeth*, 42 F.3d 1015, 1019 (7th Cir. 1994) (citations omitted). Specifically, the Seventh Circuit looks for whether the defendant "committed separate crimes against separate victims in separate locations." *Id.* (citations and internal quotations omitted). The Seventh Circuit has also recognized that "once the government has shown that a defendant has three prior 'violent felony' convictions, the burden rests with the defendant to show that the conviction was unconstitutional," or otherwise invalid. *See United States v. Gallman*, 907 F.2d 639, 643 (7th Cir. 1990) (citations omitted). Danna argues that had his attorney advised him of the government's burden, and had the government met that burden, the burden would then shift to the defense where Danna would have had the opportunity to prove by a preponderance of the evidence that the prior convictions occurred on a single occasion and would not qualify for sentence enhancement.

Even had Danna raised such an argument, the evidence compels me to say that I would not have departed from the statutorily mandated fifteen-year sentence. Each of Danna's prior convictions was for separate crimes against separate victims in separate locations. The three aggravated batteries and the robbery occurred at separate times in separate locations and had separate victims. Significantly, Danna does not provide or even state in his motion any evidence or argument would presumably link the convictions and undermine the sentence enhancement.

4

There appears to be no evidence to support the argument that the four convictions did not arise out of separate and distinct criminal episodes.

## II. Ineffective assistance of counsel

To establish that he received ineffective assistance of counsel, Danna must show that his attorney's representation fell below an objective standard of reasonableness and that but for his attorney's errors, there was a reasonable probability that the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 694-94 (1984). In *Strickland*, the Supreme Court set the standard for proving ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Id.* at 687. Furthermore, the Seventh Circuit has held that a defendant must overcome a strong presumption that his attorney rendered reasonably effective assistance under the totality of the circumstances. *United States v. Moralez*, 964 F.2d 677, 683 (7th Cir. 1992).

More recently, the Seventh Circuit has stated that "[a] defendant's lawyer has . . . no duty to make a frivolous argument; and there is a tactical reason not to make weak arguments." *United States v. Rezin*, 322 F.3d 443, 446 (7th Cir. 2003) (citations omitted). The Rezin court further stated, as Danna points out, that "if . . . there is only one argument that could be made on the defendant's behalf, and it is not frivolous, the lawyer may have a professional obligation to make it." *Id*. (citations omitted). Indeed, also as pointed out by Danna, the Supreme Court has held that "any amount of actual jail time has Sixth Amendment significance" when considering

whether a defendant has been prejudiced by counsel's failure to make an argument during sentencing. *See Glover v. United States*, 531 U.S. 198, 203 (2001) (citations omitted).

I find that Danna was not prejudiced by his attorney's failure to discuss application of the sentence enhancement provision in 18 U.S.C. § 924(e)(1) and that the attorney's omission was not deficient. As the government asserts, Danna's attorney had all the relevant information about Danna's criminal history. Danna's knowing possession of a firearm and his criminal history clearly demonstrate that Danna was subject to the sentence enhancement guidelines.

Similarly, Danna's attorney's lack of objection to application of the sentence enhancement does not demonstrate deficiency. Nor did the omission prejudice Danna in any way. The "one argument" that Danna's convictions arose out of the same criminal episode has no merit and Danna's attorney was in no way "deficient" by not raising it.

I cannot say that Danna's attorney's representation fell below an objective standard of reasonableness and that, but for his attorney's errors, there was a reasonable probability that the result of the proceedings would have been different.

For these reasons, Danna's Motion to Vacate the Sentence is DENIED.

ENTER:

*James B. Zagel*

James B. Zagel
United States District Judge

DATE: May 26, 2005